IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DESMOND WEAVER,                                                                             PLAINTIFF
ADC # 145118

v.                                      2:22CV00093-DPM-JTK

ARKANSAS DIVISION OF
CORRECTION, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.   Introduction**

Desmond Weaver ("Plaintiff") is in custody at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 3-5). The Court screened Plaintiff's Complaint (Doc. Nos. 1, 3) pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Facts and Analysis

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 3 at 1-2). Plaintiff alleges his "sentence was enhanced to 100% by the Arkansas Department of Correction and a habitual became my title; but both was posted on the ADC EOMIS before I was even notified and no courts was contacted to handle such a process . . . ." (Id. at 3) (See also Doc. No. 1 at 1)

("The Department enhanced my criminal status without notifying me or any court of such terms . . . I'm looking at a 100% sentencing order and a habitual criminal act that wasn't ordered . . . .") Plaintiff claims his rights under the First, Fourth, Eighth, and Fourteenth Amendments have been violated. (Doc. No. 3 at 3). Plaintiff seeks damages and injunctive relief. (Id. at 4).

Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

### A. Arkansas Division of Correction

The Arkansas Division of Correction is not a "person" subject to suit under 42 U.S.C. § 1983. Brown v. Missouri Dep't of Corr., 353 F.3d 1038, 1041 (8th Cir. 2004). As such, Plaintiff's allegations against the ADC fail to state a claim on which relief may be granted.

### B. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages, among other relief. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against the state of Arkansas; Plaintiff's official capacity damages claims are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### C. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

Plaintiff complains that the ADC is treating him as a habitual offender and enhancing his sentence to 100%.  The Court interprets Plaintiff's Complaint (Doc. Nos. 1, 3) as referring to Ark. Code Ann. § 16-93-609.  That statue reads:

> **(a)** Any person who commits murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, subsequent to March 24, 1983, and who has previously been found guilty of or pleaded guilty or nolo contendere to murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, shall not be eligible for release on parole by the Parole Board.
> **(b)**
> **(1)** Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.
> **(2)** As used in this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in § 5-4-501(d)(2).

ARK. CODE ANN. § 16-93-609.  Section 5-4-501(d)(2) lists battery in the first degree, among other crimes, as a felony involving violence.  Ark. Code Ann. §5-4-501(d)(2).

Public records show that Plaintiff was convicted of battery in the first degree in July 2009 in the Circuit Court of Columbia County, Arkansas.  State v. Weaver, 14CR-08-179.[1]  Plaintiff pled guilty to another count of battery in the first degree in the Circuit Court of Columbia County, Arkansas on September 7, 2017.  State v. Weaver, 14CR-17-126.

In the Circuit Court of Hot Spring County, Arkansas, Plaintiff pled guilty to possession of a controlled substance while incarcerated; Plaintiff was sentenced on February 2, 2022.  State v.

---

[1] The Court can notice the proceedings in Plaintiff's state cases because those proceedings are directly related to the issues here.  Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996).

Weaver, 30CR-19-312.  The plea agreement notes "2+" on the line next to "Habitual Offender." The plea agreement also contains the following language:

> The Defendant understands that parole eligibility will be determined by the Department of Corrections and no promises are made regarding when or if the Defendant will be eligible for parole.

State v. Weaver, 30CR-19-312, plea agreement.

While Plaintiff alleged that his treatment as a habitual offender violated multiple constitutional rights, the crux of Plaintiff's allegations is a due process claim.  A protected liberty interest "may arise from two sources-the Due Process Clause itself and the laws of the States." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (internal citation omitted).  But there is "'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" Jackson v. Nixon, 747 F.3d 537, 551 (8th Cir. 2014) (quoting Greenholtz, 442 U.S. at 7).

State law may create a liberty interest if "'state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials.'" Snodgrass v. Robinson, 512 F.3d 999, 1003 (8th Cir. 2008) (internal citation omitted).  Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions . . . ."  Hamilton v. Brownlee, 237 Fed. Appx. 114, 115 (8th Cir 2007); see also Persechini v. Callaway, 651 F.3d 802, 807-08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions).  In other words, under Arkansas law the Parole Board **may** release an individual on parole, but an inmate has no right to release on parole.  Instead, when a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing-that he will be released from the State's custody at the end of the term of years specified by the sentencing court."  Richmond v. Duke, 909 F. Supp. 626, 631 (E.D. Ark. 1995).  Plaintiff

does not have a protected liberty interest in the possibility of parole, and, as such, the violation of Plaintiff's due process rights is not implicated. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Parker v. Corrothers, 750 F.2d 653, 655-57 (8th Cir. 1984). Accordingly, Plaintiff's allegations fail to state a 42 U.S.C. § 1983 claim on which relief may be granted.

Further, if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the state conviction, continued imprisonment, or sentence, then no claim lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-78 (1994). See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (under Heck, courts look to the essence of plaintiff's claims and not merely the form of relief sought). A claim based on the invalidity of the state conviction, continued imprisonment, or sentence "that has not been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487. Plaintiff challenges his sentence despite having acknowledged at the time of his plea that any parole time could not be calculated with any reasonable degree of certainty. Additionally, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The Court notes that Plaintiff filed a Response to the Court's June 22, 2022 Order giving Plaintiff the opportunity to file an Amended Complaint. (Doc. No. 6). In the Response, Plaintiff alleges Defendants Payne and Kelley made an "unjustifiable clerical error" regarding the enhancement and habitual title. (Doc. No 6 at 1). This allegation does not change the Court's analysis of Plaintiff's claims.

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

IV.  **Conclusion**

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[2] this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 27th day of July, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."