IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DESMOND WEAVER
ADC #145118                                                                PLAINTIFF

v.                       No. 2:22-cv-93-DPM

ARKANSAS DIVISION OF
CORRECTION; BOARD OF
DIRECTORS; DEXTER PAYNE,
Director; and WENDY KELLEY                                DEFENDANTS

ORDER

On *de novo* review, the Court adopts the Magistrate Judge's recommendation as supplemented, *Doc. 7*, and overrules Weaver's objections, *Doc. 8*. FED. R. CIV. P. 72(b)(3).

The first and deep issue is whether Weaver may bring his claim under § 1983. Weaver says that he was wrongly classified as a habitual offender; and that classification makes him ineligible for parole. ARK. CODE ANN. § 16-93-609. Although he argues that he is not seeking release, a judgment in his favor could lead to a shorter stay in prison. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This type of claim may not be brought under § 1983 because it is, in essence, a *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Second, as the Magistrate Judge explained, even if Weaver could proceed under § 1983, his due process claim fails because he does not have a protected liberty interest

in the possibility of parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex et al.*, 442 U.S. 1, 7 (1979).

Weaver's amended complaint will be dismissed without prejudice for failure to state a claim. The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

30 September 2022